**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HERMAN FULWILEY, | |
| Plaintiff, | Case No. |
| v. | **CLASS ACTION COMPLAINT** |
| DIRECT ENERGY SERVICES, LLC and DOES 1-20, | **JURY DEMANDED** |
| Defendants. | |

Now comes the Plaintiff, HERMAN FULWILEY, by and through his attorneys, and for his class action Complaint against the Defendants, DIRECT ENERGY SERVICES, LLC ("DES") and DOES 1-20, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENTS**

1.     This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendants in negligently, knowingly, and/or willfully placing, through its agent(s), automated sales, solicitation, and/or other telemarketing calls to Plaintiff in violation of the TCPA and related regulations, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.     The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched

to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.     In enacting the TCPA, Congress intended to give consumers a choice as to how entities such as Defendants may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

4.     Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

5.     Persons, like Plaintiff herein, have no control to stop unsolicited and unwanted telemarketing calls.

6.     Plaintiff and the members of the proposed Classes and Sub-Classes defined below received unsolicited automated telemarketing calls to their cellular telephones, all because Defendants wished to advertise and market DES's products and/or services for DES's own benefit.

## JURISDICTION AND VENUE

7.      This Court had jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

9.      Plaintiff is an individual who was at all relevant times residing in Chicago Heights, Illinois.

10.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

11.      On information and belief, Defendant DES is a Delaware Limited Liability Company, which is registered with the Secretary of State to do business in Illinois, and whose principal place of business is located in Houston, Texas.

12.      On information and belief, at all times relevant hereto, DES was engaged in the marketing and sale of electricity services, natural gas services, and related services.

13.      DES is a "person" as defined by 47 U.S.C. § 153(39).

14.      The true names and capacities of the Defendants sued herein as DOES 1-20 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## FACTS COMMON TO ALL COUNTS

15.      During or about September of 2018, Defendants began placing unsolicited automated telemarketing telephone calls to Plaintiff.

3

16.     Plaintiff has not previously sought out DES's services, nor has Plaintiff attempted to retrieve information from Defendants about DES's services, nor did Plaintiff ever give Defendants consent to place automated telemarketing calls to him.

17.     At that time, there were days when Plaintiff received approximately three to five unsolicited automated telemarketing calls per day, attempting to sell DES's products and services.

18.     These unsolicited automated telemarketing calls were placed to Plaintiff by Defendants on or about dates that include, but are not limited to September 10, 2018 through October 27, 2018.

19.     Plaintiff tried calling the telephone number back which appeared on his caller ID in an effort to have his telephone number placed on DES's internal do-not-call list.

20.     On or about September 10, 2018, Plaintiff requested of the representative who called him regarding DES that the telemarketing calls stop, and Plaintiff asked that his telephone number placed on Defendants' internal do-not-call list.

21.     When Plaintiff would answer Defendant's calls, he heard a noise on the line before a live representative would begin speaking, which is indicative of an automatic telephone dialing system.

## CLASS ALLEGATIONS

22.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Automated Call Class") defined as follows:

> All persons within the United States who received telephone calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice within four years prior to the filing of this lawsuit, who had not granted Defendants prior express consent to place such calls to them and/or who had revoked any such consent.

4

23.     Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Automated Call Sub-Class") defined as follows:

> All persons within the State of Illinois who received telephone calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice within four years prior to the filing of this lawsuit, who had not granted Defendants prior express consent to place such calls to them and/or who had revoked any such consent.

24.     Plaintiff also bring this action on behalf of himself and all others similarly situated, as members of the proposed class defined as follows (the "Internal Do-Not-Call Class"):

> All residential telephone subscribers within the United States who requested that Defendants not place calls to them for telemarketing purposes, who received at least one such call made by or on behalf of Defendants that promoted DES's products or services, more than 30 days after the date such request was made, and within four years prior to the filing of the complaint.

25.     Plaintiff also bring this action on behalf of himself and all others similarly situated, as members of the proposed sub-class defined as follows (the "Internal Do-Not-Call Sub-Class"):

> All residential telephone subscribers within the State of Illinois who requested that Defendants not place calls to them for telemarketing purposes, who received at least one such call made by or on behalf of Defendants that promoted DES's products or services, more than 30 days after the date such request was made, and within four years prior to the filing of the complaint.

26.     Defendants, their employees and agents are excluded from the Classes and the Sub-Classes. Plaintiff does not know the number of members in the Classes and the Sub-Classes, but believes the Classes and the Sub-Classes members number in the hundreds, if not more.

Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

27.     The Classes and the Sub-Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the members of the Classes and the Sub-Classes are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Classes and the Sub-Classes include hundreds, if not thousands of members. Plaintiff alleges that members of the Classes and the Sub-Classes may be ascertained by the records maintained by Defendant.

28.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Classes and the Sub-Classes are so numerous that joinder of the members of the Classes and the Sub-Classes is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

29.     There are questions of law and fact common to the members of the Classes and the Sub-Classes affecting the parties to be represented. The questions of law and fact common to the members of the Classes and the Sub-Classes predominate over questions which may affect individual members of the Classes and the Sub-Classes and include, but are not necessarily limited to, the following:

        a.    Whether the Automated Call Class and Sub-Class members' telephone numbers were called by Defendants using an automatic telephone dialing system, without Defendants having obtained prior express consent to place such calls;

b.      Whether the Internal Do-Not-Call Class and Sub-Class members' telephone numbers were called by Defendants more than 30 days after the date the members requested their numbers be added to Defendants' internal do-not-call list; and

c.      Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*

30.    As a resident of the United States whose telephone number was called by Defendants on multiple occasions using an automatic telephone dialing system without Plaintiff's prior express consent, and more than 30 days after Plaintiff had requested that his telephone number be added to Defendants' internal do-not-call list, Plaintiff is asserting claims that are typical of the Classes and the Sub-Classes.

31.    Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Classes or the Sub-Classes.

32.    Plaintiff will fairly and adequately protect the interests of the members of the Classes and the Sub-Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

33.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all members of the Classes and the Sub-Classes is impracticable. Even if every members of the Classes and the Sub-Classes could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the

conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Classes and the Sub-Classes. Class treatment will also permit the adjudication of relatively small claims by many members of the Classes and the Sub-Classes who could not otherwise afford to seek legal redress for the wrongs complained of herein.

34.     The prosecution of separate actions by individual members of the Classes and the Sub-Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Classes and the Sub-Classes not parties to such adjudications or that would substantially impair or impede the ability of such non-party members of the Classes and the Sub-Classes to protect their interests.

35.     Defendants have acted or refused to act in respect generally applicable to the Classes and the Sub-Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes and the Sub-Classes as a whole.

36.     Defendants failed to comply with the requirements of the TCPA, including but not limited to 47 U.S.C. § 227(b) and (c), and 47 C.F.R. § 64.1200(d), as to the Classes and the Sub-Classes with respect to the above-alleged transactions.

37.     The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

8

38.    47 C.F.R. § 64.1200(d) provides that:

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

…

(3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

39.    In multiple instances, Defendants called the Class and Sub-Class members without the members' prior express consent in violation of the TCPA, 47 U.S.C. § 227, *et seq.*

40.    In addition, on information and belief, Defendants have not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendants, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(d).

41.    The size and definition of the Class and the Sub-Class can be identified through Defendants' records and/or Defendants' agents' records.

### COUNT I
### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT

42.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 41 above as if reiterated herein.

9

43.     The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(d).

44.     As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. §§ 227(b)(3) and 227(c)(5).

45.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT

46.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 45 above as if reiterated herein.

47.     The foregoing acts and omissions of Defendants constitutes numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(d).

48.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. §§ 227(b)(3) and 227(c)(5)

49.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a. An order certifying the Classes and the Sub-Classes and appointing Plaintiff as Representative of the Classes and the Sub-Classes;

b. An order certifying the undersigned counsel as Counsel for the Classes and Sub-Classes;

c. An order requiring Defendants, at their own cost, to notify all members of the Classes and Sub-Classes of the unlawful, unfair, deceptive and unconscionable conduct herein;

d. Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

e. Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

f. An order for injunctive relief prohibiting such conduct by Defendants in the future;

g. Judgment against Defendants for Plaintiff's court costs and other litigation costs; and

h. Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECFULLY SUBMITTED,

HERMAN FULWILEY

By:     /s/ David B. Levin
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        333 Skokie Blvd., Suite 103
        Northbrook, Illinois 60062
        Phone: (224) 218-0882
        Fax: (866) 633-0228
        dlevin@toddflaw.com